UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MANUELA ALVARADO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:18-CV-35 |
| § | |
| KOHL'S DEPARTMENT STORES, INC., § | |
| § | |
| Defendant. § | |

## **OPINION**

The Court now considers Kohl's Department Stores, Inc's ("Defendant") amended motion for summary judgment,[1] and the response filed by Manuela Alvarado ("Plaintiff").[2] After duly considering the record and the relevant authorities, the Court **GRANTS** Defendant's amended motion for summary judgment.

### I. BACKGROUND

On or about March 3, 2017,[3] Plaintiff was shopping at Defendant's McAllen, Texas store[4] and saw some spoons she wished to purchase that were shelved out of her reach.[5] Plaintiff found a step ladder inside the store.[6] Plaintiff testified the step ladder was either "leaning up against a door"[7] or in a "void" or "nook" in the wall.[8] Plaintiff confirmed the step ladder was not in a "walkway" when she found it.[9] Plaintiff picked up the step ladder and moved it a "couple of

---

[1] Dkt. No. 16.
[2] Dkt. No. 17.
[3] Dkt. No. 1-2 p. 6, ¶ 6.
[4] Located at 7900 N. 10th Street, McAllen Texas. *See* Dkt. No. 16 p. 1.
[5] Dkt. No. 16-1 Alvarado Dep. 11:10–25.
[6] *See id.* 15:7–8.
[7] *See id.* 15:7–8; 16:18–20.
[8] *Id.* 73:10–11.
[9] *Id.* 16:21–23.

feet"[10] before she "got up on the stool and then [the step ladder] went sideways."[11] As a result of the fall, Plaintiff allegedly suffered injuries.[12]

Plaintiff filed a complaint in state court alleging a single cause of action, premises liability negligence.[13] Defendant removed to this Court,[14] and subsequently filed a motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(i).[15] Plaintiff filed objections on the grounds that the Federal Rules of Civil Procedure govern this matter.[16] Defendant thereafter filed an amended motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56.[17] Plaintiff filed a response to the amended motion for summary judgement.[18] The Court now turns to its analysis.

## II.  LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[20] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of material fact.[21] "A fact is 'material' if its resolution could affect the outcome of the action,"[22] while a "genuine" dispute is present "only if a reasonable jury could return a

---

[10] *Id.* 19:21–25; 20:1–5.
[11] *Id.* 11:8–9.
[12] *See* Dkt. No. 1-2.
[13] Dkt. No. 16-1 pp. 6–7.
[14] Dkt. No. 1.
[15] Dkt. No. 14.
[16] Dkt. No. 15.
[17] Dkt. No. 16.
[18] Dkt. No. 17.
[19] Fed. R. Civ. P. 56(a).
[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[21] *See id.* at 323.
[22] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).

verdict for the non-movant."[23] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[24]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[25] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[26] Parties may cite to any part of the record, or bring evidence in the motion and response.[27] By either method, parties need not proffer evidence in a form admissible at trial,[28] but must proffer evidence substantively admissible at trial.[29]

As to any question of law, because federal jurisdiction is invoked on the basis of diversity of citizenship,[30] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[31] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[32]

### III. ANALYSIS

As an initial matter, the Court notes that it appears Defendant's initial motion[33] for summary judgment was filed in error because federal procedural law governs the instant dispute.

---

[23] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[25] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[26] *See* Fed. R. Civ. P. 56(e).
[27] *See* Fed. R. Civ. P. 56(c).
[28] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[29] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[30] *See* Dkt. No. 1 p. 2.
[31] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[32] *West v. AT&T*, 311 U.S. 223, 237 (1940).
[33] Dkt. No. 14.

The subsequently filed amended motion[34] is based on the correct procedural rules, and thus the Court will consider the amended motion herein.

Defendant argues that under Texas law, Plaintiff has the burden of proving the elements of premises negligence liability claim and that Plaintiff has failed to meet that burden. Plaintiff responds with two arguments. First, Plaintiff argues that insufficient time has passed for discovery and requests additional discovery time pursuant to Rule 56(d). Second, Plaintiff argues there is a genuine issue of material fact surrounding whether Defendant knew or should have known about the dangerous condition posed by the step ladder.

The Court will first consider whether additional discovery is necessary as that could eliminate the need for considering the substantive arguments of the parties. If additional discovery is not necessary, the Court will turn to whether summary judgement is warranted.

    A.    **Extended Discovery Pursuant to Rule 56(d)**

Rule 56(d) provides that the Court may defer a motion for summary judgment or allow time for a nonmovant to obtain affidavits or declarations or to take discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[35] In response to a proper motion for a continuance to obtain further discovery, the Court may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[36]

Rule 56(d) is "designed to safeguard against a premature or improvident grant of summary judgment."[37] Thus, Rule 56(d) "discovery motions are broadly favored and should be

---

[34] Dkt. No. 16.
[35] Fed. R. Civ. P. 56(d).
[36] *Id.*
[37] *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

liberally granted."[38] The nonmovant, however, "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, particularly if "ample time and opportunities for discovery have already lapsed."[39] "[T]o justify a continuance, the Rule [56(d)] motion must demonstrate 1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact."[40] "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment."[41]

Here, Plaintiff argues that "[a]n adequate time for discovery has not passed, which is evident by Plaintiff not having conducted any depositions. At a minimum, Plaintiff needs to conduct at least three (3) depositions."[42] In support, Plaintiff references a document that is styled the "Affidavit of Clive Markland," but in substance is an affidavit by Rob O. Cantu.[43] This document is attested to by Rob O. Cantu.[44]

Rob O. Cantu's statement provides that "[d]espite Plaintiff's due diligence and Plaintiff's counsel's multiple attempts – May 3, May 18, July 3, August 27, and September 5 – at obtaining deposition dates, only on September 7 did Plaintiff receive available dates for Defendant Daftary and his son, a material witness."[45] Additionally, the statement indicates "Plaintiff anticipates

---

[38] *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks omitted).
[39] *SEC v. Spence & Green Chem. Co*., 612 F.2d 896, 901 (5th Cir. 1980).
[40] *Stearns Airport Equip. Co. v. FMC Corp*., 170 F.3d 518, 534-35 (5th Cir. 1999) (construing former Fed. R. Civ. P. 56(f)); accord *Access Telecom, Inc. v. MCI Telecomms. Corp*., 197 F.3d 694, 720 (5th Cir. 1999) ("To obtain a continuance of a motion for summary judgment, a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence." (internal quotation marks omitted)).
[41] *Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 720 (5th Cir. 1999).
[42] Dkt. No. 17 p. 5; *see also* Dkt. No. 17-3.
[43] Dkt. No. 17-3.
[44] *Id.* p. 2.
[45] *Id.* ¶ 3

eliciting testimony regarding the underlying dispute, the enforceable agreement between the parties, and Defendant Daftary's breach thereof . . . ."[46]

This affidavit has several material errors that undermine the Court's confidence in its accuracy. In fact, it appears that this document was attached in error and does not apply to this case. First, although the document purports to be the affidavit of Clive Markland, it is in actuality, the affidavit of Mr. Rob O. Cantu.[47] Secondly, and more importantly, the substantive information within the affidavit has no apparent connection to the instant case. No claims have been made against a "Defendant Daftary," nor is any person named Daftary or his son included in Plaintiff's complaint or any other part of the record, and thus deposing them would serve no purpose. Finally, Plaintiff has made no allegations relating to an enforceable agreement or breach thereof. Accordingly, this document provides no support for Plaintiff's request.

Absent additional information, Plaintiff's argument for a continuance of discovery under Rule 56(d) is woefully inadequate. Plaintiff states that no depositions have been conducted and that the time allotted for discovery was insufficient, but fails to state why Plaintiff was unable to complete a single deposition in the five months allocated for discovery under this Court's scheduling order.[48] Plaintiff further provides that three depositions are needed, but does not tell the Court who needs to be deposed or what information may be learned from these depositions. These vague assertions are insufficient to determine that further discovery would reveal a genuine issue of material fact.[49]

---

[46] *Id.* ¶ 4.
[47] Both attorneys represent Plaintiff. *See* Dkt. No. 2 (list of counsel of record).
[48] *See* Dkt. No. 7 (setting discovery from March 9, 2018 to August 10, 2018).
[49] *See SEC*, 612 F.2d at 901.

Accordingly, Plaintiff's request for further discovery pursuant to Rule 56(d) is denied. The Court will now consider whether Defendant is entitled to summary judgment as to the single cause of action, premises liability negligence.

### B. Premises Liability Negligence

Premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose unreasonable risks of harm.[50] In Texas, the elements of a premises liability claim when the injured party is an invitee, as is the case here, are:

> (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
> (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.[51]

Business generally do not have a duty to warn or protect invitees from conditions that are "open and obvious or known to the invitee . . . [o]nly where there is a concealed condition must one provide a warning or otherwise protect the invitee."[52] Furthermore, "the actual knowledge required for liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time." [53]

In a premises liability case, it is Plaintiff's burden to first prove that a condition on Defendant's premises posed an unreasonable risk of harm.[54] Plaintiff's argument to meet this burden is as follows: "Here, the step ladder being left out for patrons posed an unreasonable risk of harm to invitees on Defendant's premises."[55] Plaintiff then cites to an attached exhibit.[56] This

---

[50] *See, e.g., CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).
[51] *Id.*
[52] *Estes v. Wal-Mart Stores Tex., L.L.C.*, No. 3:16-cv-02057-M, 2017 U.S. Dist. LEXIS 98974, at *7-8 (N.D. Tex. June 27, 2017) (citing *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 198 (Tex. 2015)).
[53] *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 395 (Tex. 2016).
[54] *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983).
[55] Dkt. No. 17 p. 5.

exhibit contains three photocopies of photographs of a step ladder in some kind of aisle, taken from three different angles.[57] There is no accompanying affidavit or other explanatory information.[58]

Plaintiff's step ladder photo is unacceptable as a supporting exhibit.[59] Plaintiff fails to explain how the step ladder in this exhibit is connected to the events in question. Plaintiff does not articulate when the photographs were taken, by whom, or for what purpose. Plaintiff makes no showing that this is the step ladder at issue in this case or if the photographs even show Defendant's store. In fact, Plaintiff's *own* deposition *and* her response to Defendant's First Set of Interrogatories seem to contradict that the photographs depict the step ladder in question. Plaintiff's testimony provided that she moved the ladder "approximately 3 feet"[60] from where it was leaning, either in a "nook"[61] or "against [a] door,"[62] and that the step ladder was not in a "walkway."[63] These photographs show a step ladder in an aisle or walkway and do not show a door or a nook of any kind.

The Court concludes Plaintiff's statement is conclusory and the attached pictures do not serve to meet Plaintiff's burden to show an unreasonable risk of harm to invitees on Defendant's premises. The pictures provide no support of any substantive argument. Pictures of a step ladder taken at some time, by someone, in some place are not evidence of anything other than that step

---

[56] *See* Dkt. No. 17-1.
[57] *Id.*
[58] *Id.*
[59] *See Bellard*, 675 F.3d at 460 (noting evidence in summary judgment motions must but substantively admissible at trial).
[60] Dkt. No. 16-2 p. 5; *see* Dkt. No. 16-1 Plaintiff Dep. 20:1–5.
[61] Dkt. No. 16-1 Plaintiff Dep. 73:17.
[62] *Id.* 15:8.
[63] *Id.* 16:21–23.

ladders do, in fact, exist. Furthermore, if this is a picture of the step ladder in question, it is "open and obvious" and not a "concealed condition" and does not meet Plaintiff's burden.[64]

Plaintiff additionally argues, "Defendant had actual knowledge of the condition as evidenced by the written statement of Yesenia Salazar, Defendant's employee,"[65] and references an attached document.[66] This document appears to be a photocopy or scan of some kind.[67] At the top it states, "My Statement," and then "My name is Yesenia I an [sic] associate of Kohl's McAllen . . . ."[68] The statement provides in relevant part:

> "I [Yesenia Salazar] remember using [the step ladder] a couple of times to put some towels up . . . but I always remember to place it back . . . to prevent any customers or other people from falling over it or just keep them from playing with it. I was merchandising some towel [sic] . . . When I was walking back . . . I noticed my ladder was gone but I thought another associate had grabbed it."[69]

At the bottom "Yesenia Salazar," is typed followed by "Yesenia Salazar" in what appears to be block printing.[70]

The Court does not know what this document is, or even, what Plaintiff purports the document to be. Plaintiff calls the document "a written statement" but provides no other context as to its provenance. Plaintiff does not explain whether this is supposed to be a sworn and truthful statement of a material witness.[71] Plaintiff cannot expect the Court to understand Plaintiff's purpose in referencing the document in the absence of any argument or authentication. The Court is not a detective attempting to uncover the mysteries of Plaintiff's evidence.

---

[64] *See Estes*, No. 3:16-cv-02057-M, 2017 U.S. Dist. LEXIS 98974, at *7-8.
[65] Dkt. No. 17 p. 6.
[66] *See* Dkt. No. 17-1.
[67] *See id.*
[68] *Id.*
[69] Dkt. No. 17-1 p. 2.
[70] *Id.*
[71] Additionally, if Ms. Salazar is material witness, Plaintiff provides no reason why she was not deposed. Importantly, Plaintiff made no mention of the need to depose Ms. Salazar in Plaintiff's request for additional discovery.

Regardless, the "written statement of Yesenia Salazar" is not appropriate evidence here. The Fifth Circuit has determined that unsworn and undated statements are insufficient to raise a genuine issue of material fact.[72] The "written statement of Yesenia Salazar" is undated and does not indicate it was made under penalty of perjury or otherwise aver that the document is truthful. It may or may not even be signed. The Court cannot ascertain from the quality of the photocopy whether this was hand signed at all, and if so, whether the block printing is supposed to be Ms. Salazar's signature. Such evidence would not be substantively admissible at trial.[73]

Even if the Court were to consider this statement, the statement is not sufficient to meet Plaintiff's burden to show Defendant had actual knowledge of any dangerous condition. Ms. Salazar's statement provides the step ladder was left somewhere in the store.[74] Because Plaintiff moved the ladder,[75] Ms. Salazar's statement does not demonstrate knowledge of a dangerous condition as it existed "at the time of the accident" and Plaintiff fails to meet her burden.[76]

Plaintiff makes no additional arguments. Plaintiff has failed to establish any element of a premises liability claim, thus summary judgment is warranted for Defendant. Accordingly, Defendant's motion for summary judgment is **GRANTED**.[77]

### C. Proportionate Responsibility

In addition, Plaintiff argues that Texas law expressly sets out proportionate responsibility as a question of fact for the jury.[78] The Court has determined that summary judgment is warranted for Defendant. Thus, this issue is moot.

---

[72] *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013); *see also Stewart v. Guzman,* 555 F. App'x 425, 431-32 (5th Cir. 2014) (an "unsworn declaration . . . in writing of [a] person which is subscribed by him, as true under penalty of perjury and dated" may substitute for a sworn declaration) (citing 28 U.S.C.S. § 1746 (providing that unsworn declarations may be utilized in judicial proceedings if the declaration is dated and affiant "declare[s], certif[ies] or state[s] under penalty of perjury that the foregoing is true or correct.")).
[73] *See Bellard*, 675 F.3d at 460.
[74] *See* Dkt. 17-1.
[75] *See* Dkt. No. 16-1 Plaintiff Dep. 20:1–5; *see also* Dkt. No. 16-2 p. 5.
[76] *Sampson*, 500 S.W.3d at 395.
[77] Dkt. No. 16.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion[79] for summary judgment and **DISMISSES WITH PREJUDICE** Plaintiff's claim and Plaintiff's entire action. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of October, 2018.

                                                     Micaela Alvarez
                                                    United States District Judge

---

[78] Dkt. No. 17 p. 7.
[79] Dkt. No. 16.